UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN M. OWENS,

        Plaintiff,

v.                          Case No. 8:09-cv-1336-T-33MAP

SHERIFF JIM COATS, et al.,

        Defendants.

## **ORDER**

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint, in which Plaintiff seeks injunctive relief and money damages is due to be dismissed for the following reasons.

### Plaintiff's Claims for Injunctive Relief Are Moot

Plaintiff filed his complaint while he was incarcerated at the Pinellas County Jail, Pinellas County, Florida. Plaintiff complains that he was not allowed adequate law library access at the jail. Plaintiff has now been transferred to the Florida Department of Corrections where he will remain in custody until 2037. Therefore, his claim for injunctive relief related to Pinellas County Jail is moot.

### Mootness

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Mootness can occur due to a change in circumstances or a change in law. *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276 (11th Cir. 2004); *Christian Coalition of Ala. v. Cole*, 355 F.3d 1288 (11th Cir.2004); *Crown Media LLC v. Gwinnett County, Ga.*, 380 F.3d 1317 (11th Cir. 2004).

Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits would be an impermissible advisory opinion." *Troiano*, 382 F.3d at 1282 (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). As noted by the Supreme Court, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 (1997) (citations omitted). The Eleventh Circuit Court of Appeals has held that any claims concerning the conditions of an inmate's confinement made by an inmate requesting injunctive relief become moot once the prisoner is transferred to another facility. *Spears v. Thigpen*, 846 F.2d 1327 (11th Cir. 1988), *cert. denied*, 488 U.S. 1046 (1989). *See also Green v. Branson,* 108 F.3d 1296 (10th Cir.1997); *Daring v. Cancel*, 783 F.2d 874 (9th Cir.1986); *Stewart v. McGinnis*, 800 F.Supp. 604 (N.D. Ill.1992), *aff'd*, 5 F.3d 1031 (7th Cir.1993).

A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." *De La Teja v. United States*, 321 F.3d 1357 (11th Cir. 2003); *Brooks v. Georgia State Bd. of Elections*, 59 F.3d 1114 (11th Cir. 1995). Two conditions must be met to invoke this doctrine: 1) the challenged action must be of a short duration to be fully litigated; and 2) there exists a reasonable expectation that the same complaining party would be subjected to the same action again. *Christian Coalition of Ala. v. Cole*, 355 F.3d 1288, 1293 (11th Cir. 2004). A "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." *Soliman v. United States ex. rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) (quotations omitted).

Plaintiff is no longer in the custody of the Pinellas County Jail, where he initiated this action, and has been transferred to the custody of the Florida Department of Corrections. Plaintiff will remain in the custody of the Florida Department of Corrections until approximately 2037. Thus, the injunctive relief requested by Plaintiff cannot be provided by Defendants at this time because Plaintiff is no longer in their custody. Plaintiff's release from the Pinellas County Jail to the Florida Department of Corrections moots Plaintiff's claims for injunctive relief. *E.g. Boxer X v. Donald*, 169 Fed. Appx. 555, 559 (11th Cir. 2006).

### Plaintiff Fails To State a Cause of Action

Plaintiff complains that he is entitled to money damages because he was denied legal materials and access to the law library to pursue his civil claims. Plaintiff fails to state a cause of action because he cannot show that Defendants' actions caused him actual injury.

Analysis

Prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This access must be "adequate, effective, and meaningful.*"* *Id.* at 822. In *Bounds,* the Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828 (footnote omitted). The main concern is 'protecting the ability of an inmate to prepare a petition or complaint.' *Id.* at 828 n. 17 (citation omitted).

The Constitution does not guarantee absolute access to a prison law library. *Bounds v. Smith*, 430 U.S. at 830. Restricted or limited access to the prison law library and/or the legal materials contained therein is not per se denial of access to the courts. The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches. *See Allen v. Wright,* 468 U.S. 737, 750-752 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471-476 (1982).

It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution. The distinction between the two roles would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized

or managed properly. If--to take another example from prison life--a healthy inmate who had suffered no deprivation of needed medical treatment were able to claim violation of his constitutional right to medical care, *see Estelle v. Gamble*, 429 U.S. 97 (1976), simply on the ground that the prison medical facilities were inadequate, the essential distinction between judge and executive would have disappeared: it would have become the function of the courts to assure adequate medical care in prisons.

Prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. *See Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978) (citing *United States v. Evans,* 542 F.2d 805 (10th Cir. 1976)). If inmates enjoy meaningful access to the courts, prison officials are entitled to reasonably regulate the time, place, and manner in which library facilities are used. *Knell v. Bensinger*, 489 F.2d 10l4, 1017 (7th Cir. 1973).

In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified its holding in *Bounds,* stating that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance," and that an inmate alleging a *Bounds* violation must show actual injury by demonstrating "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351. The Court further observed that:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355. Finally, the Court noted that a prison regulation impinging on an inmate's constitutional right of access to the courts would be upheld if it was " 'reasonably related to legitimate penological interests,' " explaining that " '[s]ubjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration.' " *Id.* at 361 (quoting from *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

The *Lewis* announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

1. The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.

2. The prisoner must show the claim to which he was impeded was not frivolous.

3. The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

Plaintiff Owens cannot meet the three-part test because he has filed numerous complaints in this Court, including the present complaint which consists of a ten-page complaint, and one hundred twenty-six pages of supporting exhibits including his grievances. (*Also see* Cases 08-cv-2501-T-27MAP; 08-cv-2121-26EAJ; 08-cv-422-T-24MAP; 08-cv-1072-T-33TGW; 08-cv-1531-T-17MSS; 08-cv-1749-T-17MAP, 08-mc-13-T-24MAP).

Plaintiff has not shown that he suffered actual injury because of Defendants' actions. He is not entitled to money damages.

Accordingly, the Court orders:

That Plaintiff's complaint is dismissed. The Clerk is directed to terminate all pending motions, to enter judgment against Plaintiff and to close this case.

ORDERED at Tampa, Florida, on July 22, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Kevin M. Owens